## STUBING *v.* STUBING *et al.*

*(City Court of Brooklyn, General Term.     November 15, 1889.)*

**GIFTS—CAUSA MORTIS.**
A man 70 years old, and in poor health, gave money, which was his only means of support, to his children. The evidence of the children, as to the circumstances of the gift, was conflicting, and was contradicted by the father. No substantial reasons were given for such a gift, and it appeared that after the alleged gift the children agreed among themselves to pay their father interest thereon. *Held* a *donatio causa mortis.*

Appeal from special term.

Action by Conrad Stubing against John Stubing and Mary Nimmo, to recover money given them under apprehension of death. Judgment for plaintiff, and defendants appeal.

Argued before OSBORNE and VAN WYCK, JJ.

*Lexow & Leo,* for appellants.     *F. Solinger,* for respondent.

OSBORNE, J.     In the year 1885 the plaintiff, a man of upwards of 70 years of age, had on deposit in the Williamsburgh Savings Bank the sum of $700. Being then in feeble health, and in expectation of death, as he testifies, he gave his bank-book and a check on the bank to his daughter, the defendant Mary Nimmo, to enable her to draw money for him as he wanted it. Sub-

sequently, at plaintiff's request, she returned the book to him, and he then gave it to his son, the defendant John Stubing, with the direction that in case the plaintiff died John was to attend to his burial, and in case of his recovery John was to return the book to him.   On the other hand, the contention of the defendants is that plaintiff gave them the book with instructions that $600 of the sum on deposit was to be equally divided between the defendants and another daughter, a Mrs. Rehkamp, $200 to each, and the remaining $100 they were to pay to the plaintiff, which last-mentioned sum plaintiff has received.   Here, then, we have a direct issue of fact; the plaintiff claiming that the money was a *donatio causa mortis*, and the defendants claiming that the amount in dispute was an absolute gift.

Under circumstances such as are briefly detailed above, it is well settled that the burden of proof is upon the defendants to show clearly and unequivocally that the alleged absolute gift was made without restraint or inducement; that no advantage was taken by them of their father at a time when he was advanced in years, in a sickly and enfeebled condition, and substantially without other means of support than the fund in dispute.   We have carefully examined the evidence adduced on the part of the defendants, and we are of the opinion that it fails to sustain the contention of the defendants. The testimony of the defendants is, in many respects, conflicting as to the details of the transaction surrounding the alleged absolute gift, and is flatly contradicted by the testimony of the plaintiff.   No substantial reasons are given why the plaintiff should make such a gift as is claimed by the defendants, and it would almost seem from the fact testified to by them that, after the alleged gift, they voluntarily agreed among themselves to pay their father the interest on the fund as long as he lived, as if they themselves felt as though it was an unconscionable act for them to take their father's money, and that they sought to in some measure atone for it, by voluntarily paying him the interest on it as it accrued.   We think that the findings of the learned trial judge were supported by the evidence, and that the judgment is correct. Judgment affirmed, with costs.